UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA C. WHITTAKER,

      Plaintiff,

v.

      Case No. 09-11463
      Hon. Gerald E. Rosen
      Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER REGARDING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 2, 2010

PRESENT: Honorable Gerald E. Rosen
               Chief Judge, United States District Court

## I. INTRODUCTION

In this case, Plaintiff Maria C. Whittaker, proceeding *pro se,* challenges the decision of the Defendant Commissioner of Social Security that her disability ceased in June of 2000 as a result of her having engaged in "substantial gainful activity" ("SGA") within the meaning of the Social Security Act and its corresponding regulations. Specifically, Plaintiff contends that Defendant's decision was erroneously based solely upon the income she earned in June of 2000 alone, without regard for the law and regulations that, in Plaintiff's view, require the averaging of her income over a several-

month span.

In a Report and Recommendation ("R & R") dated December 16, 2009, Magistrate Judge Charles E. Binder recommends that the Court deny Plaintiff's motion for summary judgment and grant Defendant's summary judgment motion. In support of this recommendation, the Magistrate Judge concludes that it was appropriate on two separate grounds for Defendant not to average Plaintiff's June 2000 income with her income for the surrounding months in determining whether she had engaged in SGA. On January 6, 2010, Plaintiff filed objections to the R & R,[1] and Defendant filed a response to these objections on January 20, 2010. For the reasons stated below, the Court finds an insufficient basis, in the record or the law, for Defendant's failure to consider Plaintiff's average earnings in determining whether she had engaged in SGA, and the Court therefore remands this matter for further administrative proceedings on this question.

## II. ANALYSIS

As recognized in the R & R, and as Plaintiff confirms in her objections, the sole point of contention in this case is whether the Defendant Commissioner properly considered Plaintiff's June 2000 earnings in isolation in concluding that she had engaged in SGA that month. As a result of this determination, Defendant found that Plaintiff's

---

[1] As Defendant points out, Plaintiff's objections were not filed within 14 days after service of the R & R, as required under Fed. R. Civ. P. 72(b)(2) and set forth in the R & R itself. Contrary to Defendant's assertion, however, this period for filing objections did not expire on December 30, 2009, but instead extended until January 4, 2010. *See* Fed. R. Civ. P. 6(d) (providing three additional days to act following service by mail). Although Plaintiff did not file her objections until two days later, on January 6, 2010, the Court elects to consider Plaintiff's objections despite this modest delay.

disability ceased in June of 2000, and her eligibility for disability benefits during the remainder of her so-called "reentitlement period" depended upon a month-by-month determination of her earnings without any averaging. (*See* Appeals Council's Decision at 2, Admin. Record at 9 (citing 20 C.F.R. § 404.1592a(a)(1)-(2)).) If, however, Plaintiff's June 2000 earnings had been averaged with those of the surrounding months, these average monthly earnings would not have exceeded the amount — at the time, $700 — necessary to qualify as SGA, and Plaintiff's disability would not have been deemed to have ceased in June of 2000. Accordingly, the key question here is whether Plaintiff's June 2000 earnings should have been averaged with her earnings from the surrounding months in determining whether she had engaged in SGA.

The Magistrate Judge has identified two reasons why Defendant did not err in failing to perform this averaging, (*see* R & R at 9-10), but the Court finds neither of these reasons persuasive, at least under the present record. First, the Magistrate Judge cites a regulation providing that a claimant's earnings will not be averaged for any months after the month in which "her disability has been determined to have ceased because of the performance of substantial gainful activity." (R & R at 9-10 (citing 20 C.F.R. § 404.1574a(d)).) Because Defendant found that Plaintiff's disability ceased in June of 2000 by virtue of her earnings that month in excess of the SGA level, the Magistrate Judge reasons that there was no error in Defendant's decision not to average Plaintiff's June 2000 earnings with those of the following months, after her disability was deemed to have ceased.

This analysis, however, begs the central question presented by Plaintiff in this case. Plaintiff presumably would concede that *if* her disability was properly deemed to have ceased in June of 2000 because of her earnings in that month alone, *then* it would be inappropriate under the pertinent regulations to average her earnings over the following months to determine her eligibility for additional benefit payments during the remainder of her reentitlement period. Her claim here, however, is that Defendant erred on this antecedent question, by failing to average her earnings in June of 2000 and the surrounding months in order to *determine*, as a threshold matter, whether she engaged in SGA in June of 2000. The regulation cited by the Magistrate Judge, 20 C.F.R. § 404.1574a(d), applies by its terms only during the period "after the month disability has been determined to have ceased because of the performance of substantial gainful activity." Thus, it cannot answer, and does not apply to, the question posed in this case — whether Defendant properly determined that Plaintiff's disability ceased in June of 2000 based on her earnings in that month alone, or whether Defendant instead should have averaged her earnings over the surrounding months in making this determination.

There is no question that averaging is *potentially* available in determining whether a claimant's disability has ceased because of her performance of SGA during her reentitlement period. *See* 20 C.F.R. § 404.1592a(a)(1). Indeed, the Appeals Council expressly recognized as much in the decision now on appeal:

> According to 20 C.F.R. 404.1592a[(a)(1)], the first time an individual works after the end of the nine-month trial work period and performs substantial gainful activity, disability ceases. In order to make

4

>    this determination, all relevant provisions ***including averaging earnings,*** unsuccessful work attempts and deducting impairment-related work expenses are applied.

(Appeals Council's Decision at 2, Admin. Record at 9 (emphasis added).)[2] Accordingly, the Court cannot concur in the Magistrate Judge's suggestion that § 404.1574a(d) obviated the need for Defendant to average Plaintiff's earnings in order to decide whether she had engaged in SGA.

Next, the Magistrate Judge suggests that Defendant's failure to average Plaintiff's June 2000 earnings with her earnings from the surrounding months can be justified under the terms of the regulation that explains when and how such averaging will be performed.

---

[2]The Court notes that there is a potential complication here that neither party has addressed. The parties and the Appeals Council alike have relied on regulations that were amended in August of 2000, squarely in the midst of the reentitlement period at issue here. As noted by the Administrative Law Judge ("ALJ"), these amended regulations expressly authorize earnings averaging during a claimant's reentitlement period, while the pre-amendment versions of these regulations arguably did not. (*See* ALJ's Decision at 4, Admin. Record at 19.) Indeed, the pre-amendment version of § 404.1592a seems quite clear on this point:

>    In determining, for reentitlement benefit purposes, whether you do substantial gainful activity in a month, we consider only your work in or earnings for that month; we do not consider the average amount of your work or earnings over a period of months.

20 C.F.R. § 404.1592a(a) (1999).

By the time of the administrative hearings and decisions in this case, spanning from 2007 to 2009, the amended regulations had long been in effect, and no-one evidently gave a second thought about the applicability of these amended regulations. Most importantly, the Appeals Council explicitly relied on the amended regulations in the decision under review, and the Defendant Commissioner likewise has cited exclusively to the current version of these regulations in his submissions to this Court. Accordingly, the Court, like the parties and the Appeals Council, will rely on the regulations as they read at the time of the Appeals Council's decision in April of 2009.

5

(*See* R & R at 10 (citing 20 C.F.R. § 404.1574a).) In particular, the Magistrate Judge cites the portion of this regulation that applies where "there is a significant change in your work pattern or earnings during the period of work requiring evaluation." 20 C.F.R. § 404.1574a(c). In the event of such a "significant change," the regulation requires that a claimant's earnings be separately averaged for each distinct period featuring a different "work pattern or earnings" — *i.e.,* for the periods before and after the "significant change." 20 C.F.R. § 404.1574a(c). The Magistrate Judge suggests that Plaintiff's varied earnings in June of 2000 and the surrounding months could be indicative of distinct "work pattern[s] or earnings," which would justify a decision not to average the earnings from these discrete and dissimilar work periods. (*See* R & R at 10.)

While this regulation perhaps ***could*** justify a refusal to average Plaintiff's June 2000 earnings with those of the surrounding months, there is no evidence in the administrative record that either the ALJ or the Appeals Council ***actually applied and relied upon*** this regulation as a basis for declining to average Plaintiff's earnings. The ALJ considered only whether Plaintiff's earnings in each month of her reentitlement period exceeded the level necessary to qualify as SGA, without ever inquiring whether her earnings in June of 2000 might be subject to averaging (or not) with her earnings from the surrounding months under the terms of § 404.1574a(a) and (c). (*See* ALJ's Decision at 3, Admin. Record at 18.)[3] The Appeals Council, in turn, acknowledged that the

---

[3]As noted earlier, the ALJ observed that the pertinent regulations were amended in August of 2000, altering the "strict month by month approach" that previously had governed the

6

earnings averaging provisions of the regulations were applicable, but then evidently relied on the ALJ's findings in looking to Plaintiff's June 2000 earnings in isolation to determine that she had engaged in SGA that month. (*See* Appeals Council's Decision at 2, Admin. Record at 9.)

As a result, there is no finding anywhere in the administrative record that Plaintiff had undergone a "significant change in [her] work pattern or earnings" in June of 2000 as compared to the surrounding months, such that it would be appropriate to apply § 404.1574a(c) to treat June of 2000 and the surrounding months as "separate period[s] of work" for purposes of averaging Plaintiff's earnings. Regardless of whether the record might support such a finding, the Court views this issue as one that the Defendant Commissioner should address in the first instance. It would not be appropriate, in the Court's view, to affirm the Appeals Council's decision on the basis of a finding that this administrative body did not make. Rather, this case must be remanded so that the Defendant Commissioner may conduct the inquiry called for under 20 C.F.R. § 404.1574a(a) and (c).[4]

---

SGA inquiry. (ALJ's Decision at 4, Admin. Record at 19.) Perhaps, then, the ALJ decided that averaging was not available for earnings that accrued prior to the amendment of the regulations. The Appeals Council concluded otherwise, however, (*see* Appeals Council's Decision at 2, Admin. Record at 9), and this is the final agency decision now under review.

[4]The Court expresses no view as to the proper outcome of this inquiry. For what it is worth, it appears from the ALJ's decision that Plaintiff's income remained relatively consistent from June through November of 2000, and she has stated in her submissions to the Court that she worked for the same employer and performed the same type of work throughout this period. The fluctuation in her net earnings during this time period evidently was due to significant changes in her impairment related work expenses from one month to the next. (*See* ALJ's Decision at 2,

7

## III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's December 16, 2009 Report and Recommendation is REJECTED, to the extent that it recommends that the Court affirm the Defendant Commissioner's decision that Plaintiff's disability ceased in June of 2000. Instead, this decision is vacated, and this case will be remanded to the Defendant Commissioner for further administrative proceedings.

---

Admin. Record at 17.) The impact of this upon the availability of earnings averaging must be left for the Defendant Commissioner to determine on remand.

Next, IT IS FURTHER ORDERED that Plaintiff's September 18, 2009 motion for summary judgment (docket #15) is GRANTED IN PART, in accordance with the rulings in this opinion and order, and that Defendant's November 16, 2009 motion for summary judgment (docket #18) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: April 2, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2010, by electronic mail and upon Maria C. Whittaker, 6950 Foxridge Drive, #412, Mission, KS 66202 by ordinary mail.

        s/Ruth A. Gunther
        Case Manager